In the Matter of TREADWAY-BINGHAMTON Co., Respondent, *v.* STATE LIQUOR AUTHORITY, Appellant.

Third Department, November 12, 1970.

*Eli Ratner* (*Joseph J. Micare* and *Emanuel D. Black* of counsel), for appellant.

*Fleisher, Dornbush, Mensch & Mandelstam* (*Allen G. Schwartz* of counsel), for respondent.

STALEY, JR., J. This is an appeal from a judgment of the Supreme Court at Special Term, entered April 9, 1970 in Broome County, which granted petitioner's application to direct respondent State Liquor Authority to issue a hotel liquor license to petitioner without the limitations of condition 6 as provided in the original license issued to petitioner on or about August 21, 1969.

The proceeding was commenced as an article 78 proceeding, and tried by the court without a jury at Special Term. Since it appeared that there was no triable issue of fact, the court treated

the proceeding as an action for a declaratory judgment, and directed judgment in favor of the petitioner.

On May 14, 1969 petitioner-respondent (hereinafter referred to as the Hotel), filed an application for a hotel license for premises located at 2–8 Hawley Street, Binghamton, New York. The premises consists of a hotel, restaurant and bar, banquet hall, and a large parking lot bounded by Hawley Street on the east, Washington Street on the south, and Stuart Street on the west. The main entrance to the Hotel is reached by a driveway entering from Hawley Street, which driveway proceeds to the Hotel parking lot or to a banquet room entrance on the side of the Hotel, which driveway further proceeds for egress only to Stuart Street, which is parallel with Hawley Street. The driveway, where it exits at Stuart Street, is never used as an entrance to the Hotel or to the parking lot.

Respondent-appellant (hereinafter referred to as the Authority), on August 20, 1969, approved the Hotel's application for a hotel license subject to certain conditions including the following condition: " 6. Elimination of walkway and driveway connecting banquet entrance and Stuart Street."

The sole issue on this appeal is whether or not the imposition of the aforesaid condition was arbitrary, capricious and unreasonable. The determination of the Authority imposing condition No. 6 is based upon its interpretation of section 64 of the Alcoholic Beverage Control Law, which provides for a minimum distance between a building occupied exclusively as a church and a premises for on-premises consumption of alcoholic beverages.

Subdivision 7 of section 64 of the Alcoholic Beverage Control Law provides as follows:

" 7. No retail license for on-premises consumption shall be granted for any premises which shall be on the same street or avenue and within two hundred feet of a building occupied exclusively as a school, church, synagogue or other place of worship; the measurements to be taken in a straight line from the center of the nearest entrance of such school, church, synagogue or other place of worship to the center of the nearest entrance of the premises to be licensed * * *

" Within the context of this subdivision, the word ' entrance ' shall mean a door of a school, of a house of worship, or of the premises sought to be licensed, regularly used to give ingress to students of the school, to the general public attending the place of worship, and to patrons or guests of the premises proposed to be licensed, except that where a school or house of worship is set back from a public thoroughfare, the walkway or stairs leading to any such door shall be deemed an entrance;

and the measurement shall be taken to the center of the walkway or stairs at the point where it meets the building line or public thoroughfare. A door which has no exterior hardware, or which is used solely as an emergency or fire exit, or for maintenance purposes, or which leads directly to a part of a building not regularly used by the general public or patrons, is not deemed an ' entrance '."

The final paragraph of subdivision 7 was added by section 1 of chapter 501 of the Laws of 1969, effective May 10, 1969, on which date it is conceded by the Authority that the Hotel building was almost completed.

The reason for the imposition of condition 6 as a limitation on the Hotel's license was the existence of the church building of the Christian Missionary Alliance Church, situate at the corner of Washington Street, and the west side of Stuart Street. This church building had its main entrance on Washington Street, and also had a side entrance on Stuart Street, which the Authority contends was within 200 feet of the nearest entrance of the Hotel, namely, the banquet hall entrance.

The pastor of the Christian Missionary Alliance Church, in an affidavit submitted on behalf of the Hotel, establishes that the front entrance of the church building on Washington Street is the only entrance used regularly by parishioners for ingress or egress to the church sanctuary and sunday school classrooms and, further, that the door leading from the building facing Stuart Street was kept latched from the inside and used as an emergency exit, and that the door in the rear of the building leading to a parking area was not used by parishioners and was intended only as an emergency or fire exit from the building which door was kept locked and could only be opened from the inside.

The statute in question specifically excludes from the definition of an entrance " A door which has no exterior hardware, or which is used solely as an emergency or fire exit, or for maintenance purposes, or which leads directly to a part of the building not regularly used by the general public or patrons ".

In view of the fact that the side door and the rear door of the church building are used solely as emergency exits or for maintenance purposes, neither door can be considered as an entrance within the purview of subdivision 7 of section 64 of the Alcoholic Beverage Control Law, and should not have been considered by the Authority in applying the distance limitation provided for by the statute. (*Matter of Galaxy Coffee Shop* v. *Hostetter*, 32 A D 2d 946.) The only " entrance " to the church was on Washington Street and, since that " entrance " was admittedly not

within the 200-foot limitation of the statute of any entrance to the Hotel, the determination of the Authority was erroneous.

However, if the side door of the church building on Stuart Street could be construed to be an " entrance " within the meaning of the statute, it is contended by the Hotel that under the provisions of the statute such entrance was, nevertheless, not within 200 feet of the entrance to the banquet hall. The distance from the side door of the church to the door of the banquet hall measured in a straight line is approximately 250 feet.

The 1969 amendment to subdivision 7 of section 64 provides that the word " entrance " shall mean a door of a house of worship, or of the premises sought to be licensed, regularly used to give ingress to the general public attending the place of worship, and to patrons or guests of the premises proposed to be licensed " except where a school or house of worship is set back from a public thoroughfare, the walkway or stairs leading to any such door shall be deemed an entrance; and the measurement shall be taken to the center of the walkway or stairs at the point where it meets the building line or public thoroughfare ".

The Authority contends that the distance from the side door of the church as measured pursuant to the provisions of subdivision 7 of section 64, as amended, to the point where the exit drive and sidewalk from the Hotel's banquet hall meets Stuart Street, is less than 200 feet, or approximately 197 feet.

The Hotel contends that the language of the exception clause in subdivision 7 requires that the measurement from the church commences at the point where the walkway from the side door meets the building line or the public thoroughfare, and runs to the banquet hall door, the nearest door of the licensed premises, and not to the point where the exit drive and sidewalk from the banquet hall meets Stuart Street.

An examination of the exception clause results in a determination that the distance measurement requirement, insofar as the center point of a walkway or stairs where it meets the boundary line or public thoroughfare becomes applicable, relates solely to the measurement point where a school or a house of worship is set back from a public thoroughfare, and is not applicable to the measurement point for the premises sought to be licensed.

The Authority clearly misinterpreted the language of subdivision 7 in its determination that the statutory distance requirement had been violated, and the imposition of condition 6 was, therefore, erroneous, and accordingly the condition should be vacated. Although the statute should be strictly enforced, it should not be extended beyond the protection it was intended

to create, and be accorded an impractical and unreasonable construction. (Cf. *Matter of Jonas* v. *New York State Liq. Auth.,* 29 A D 2d 529.)

The judgment should be affirmed, without costs.

HERLIHY, P. J., REYNOLDS, COOKE and SWEENEY, JJ., concur.

Judgment affirmed, without costs.