Roger T. Cook, J.
This proceeding is brought to annul the determination of the respondent which denied the petitioner’s application for a liquor license.
On August 17, 1972 the petitioner filed with the Orleans County Alcoholic Beverage Control Board an application for a catering establishment license for premises located in the S. A. Cook Building, Main Street, Medina, New York. The building is a commercial building with an arcade and public hallways. Its tenants include three dentists, an accountant, a law office, a children’s shop,- the Farmers Home Administration, and the Medina Bar Association.
The premises to be licensed consist of several rooms including a barroom, kitchen, dining room and ballroom, which are located on the" second floor of the building. From 1935 to 1969 the premises were used by the Benevolent Protective Order of Elks as a lodge. During that time the lodge was licensed to sell liquor and other alcoholic beverages.
The respondent denied petitioner’s application on September 29, 1972, for alleged failure to comply with subdivision 7 of section 64 of the Alcoholic Beverage Control Law which mandates that “No retail license for on-premises consumption *977 shall be granted for any premises which shall be on the same street or avenue and within two hundred feet of a building occupied exclusively as a school, church, synagogue or other place of worship ”.
Adjacent to the S. A. Cook Building is a church known as the First United Presbyterian Church. (It may be noted that the First Presbyterian Church, in response to an inquiry from the State Liquor Authority, met in session on February 9, 1972 and passed a resolution stating it had no objection to the granting of a license to the petitioner.)
The petitioner contends the distance should be measured from the center of the church walkway at the point where it meets the public thoroughfare to the center of the second-floor door of the premises sought to be licensed. It contends this distance is 242 feet.
The respondent’s denial that the petitioner is more than 200 feet from the church is based upon its contention that the street level access door to the S. A. Cook Building’s arcade and public hallways must be used as the point of measurement rather than the second-floor door to the premises.
This court finds for the petitioner. (Matter of Treadway-Binhamton Co. v. State Liq. Auth., 35 A D 2d 222.) Although the statute should be strictly enforced, it should not be extended beyond the protection it was intended to create and be accorded an impractical and unreasonable construction (Treadway-Binghamton Co., p. 227).
The determination of the respondent is hereby annulled and vacated and the respondent is directed to issue the requested license to petitioner.