Aaron E. Klein, J.
In this CPLR article 78 proceeding brought to annul a determination of the New York State Liquor Authority which denied a special on-premises restaurant liquor license to petitioner, the problem squarely before the court is the appropriate interpretation of the words "for any premises which shall be on the same street or avenue and within two hundred feet of a building occupied exclusively as a * * * church” (Alcoholic Beverage Control Law, § 64, subd 7; emphasis supplied).
Applicant petitioner holds a lease for "basement” space at 42 Steuben Street, Albany, New York. This is in a multi-story commercial building having various tenancies. While the Steuben Street side is its only entrance to upper stores, it extends from North Pearl Street on one end to Chapel Street on the other. On Chapel Street there is a groundfloor tenant with separate entranceway. Applicant petitioner’s entranceway is considerably distant from the Chapel Street corner, almost midway between Chapel Street and North Pearl Street. Moreover, Steuben Street is on a rather steep-graded hill, so that the level of its upper story (on Steuben Street) is almost exactly flush with Chapel Street at that end and at North Pearl Street corner the lower (basement) level of the building is flush with North Pearl Street. The premises as described in *340 the investigative report are commercial and (of particular note) 5C of this report states that the "premises” do not occupy the entire building. A digest sheet (referred to in the investigative report) made by Millard Schaffer, executive officer of local ABC Board, reads: "St. Mary’s Church has entry on Chapel Street which is within 200’ radius of entry on Steuben Street of the premises. Building in which premises are located, has portion facing Chapel Street. However, the premises to be licensed does not extend fully to Chapel Street per schematic sketch submitted. Also, due to the pitch of Steuben Street, the premises are slightly below street level at the entry, but are completely below ground (basement) at Chapel Street.”
The local ABC Board approved the application; so too did the zone board; and it appears that Rt. Rev. Msgr. O’Malley, Pastor of St. Mary’s Church, has affirmatively stated that he has no objection to the licensing contemplated, and when invited by respondent to intervene or object the church did neither. The respondent felt compelled by its reading of the statute (Alcoholic Beverage Control Law, § 64, subd 7) and case law to mandatorily disallow the application.
One of the earlier cases on the subject, Matter of Gorman’s Rest. v O’Connell (275 App Div 166, 168, relying on People ex rel. Clausen v Murray, 5 App Div 441) and Matter of O’Brien v Rozza (247 App Div 747), held that corner premises were "held to be on both streets” (premises one wall only on the school/church street and entranceway around the corner) ran afoul of the statute. It is worthy of note in this connection that the statute of origin, subdivision 2 of section 24 of chapter 112 of the Laws of 1896, substituted one word: "building” was changed to "premises” in the statute. A corner store having an entrance on a street but a wall on another can be described as being on two streets. In my opinion it strains the language of the statute, however, to hold that just being in a large commercial building having three or four exposures to different streets or avenues, exposes an interior premises with no part of same on the proscribed street or avenues to the objection here raised. Why else did the Legislature see fit to replace the word "building” with the word "premises”.
Several recent cases show a distinct softening of the courts’ views on this very subject.
In Matter of Treadway-Binghamton Co. v State Liq. Auth., (35 AD2d 222, 226-227) (not otherwise directly in point) stated *341 the appropriate, current philosophical approach to these questions as follows: "Although the statute should be strictly enforced, it should not be extended beyond the protection it was intended to create, and be accorded an impractical and unreasonable construction. (Cf. Matter of Jonas v. New York State Liq. Auth., 29 A D 2d 529.)”
In Matter of Childs v State Liq. Auth. (74 Misc 2d 976) which dealt with a "premises” within a commercial building having many tenants, the court (citing Treadway) accepted measurements from church entranceway to the specific licensed premises rather than to the commercial building entranceway in annulling a contrary determination of the State Liquor Authority.
This court feels that extension of the "corner premises” doctrine to cover the situation here involved will produce just such a result, it would have the effect of extending the protection beyond practical and reasonable limits.
The determination should be annulled and vacated and the respondent directed to issue the license applied for.