■ In the Matter of JAMES H. MALOY, INC., Respondent, v TOWN BOARD OF THE TOWN OF GUILDERLAND et al., Appellants. — Appeals (1) from a judgment of the Supreme Court at Special Term (Prior, Jr., J.), entered October 27, 1980 in Albany County, which granted a declaratory judgment in favor of petitioner, and (2) from an order of said court, entered January 29, 1981 in Albany County, which granted a motion to settle the record on appeal so as to include various affidavits submitted by petitioner. Petitioner owns and operates a mobile rock crusher in the Town of Guilderland. On May 30, 1980 the town's zoning enforcement officer, who is also the superintendent of buildings, issued an "order to remedy a violation" against petitioner charging it with violating section 6 (subd G, par 4) of the Town of Guilderland Zoning Ordinance (Local Laws, 1971, No. 1 of Town of Guilderland). The applicable provision prohibits the use of rock crushers in the town. Petitioner commenced the instant proceeding for a judgment declaring this portion of the Town of Guilderland Zoning Ordinance unconstitutional. Without addressing the constitutionality of the zoning ordinance, Special Term found that petitioner's rock crusher was a valid pre-existing and continuing nonconforming use, and concluded that its continued operation in Guilderland was permissible notwithstanding the enactment of the ordinance. This appeal ensued. While we recognize that a declaratory judgment action may be the proper method for challenging the constitutionality of a zoning ordinance *(Peekskill Suburbs v Morabito,* 74 AD2d 843, affd 51 NY2d 941), administrative remedies must generally be exhausted prior to the commencement of such an action (see *Dur-Bar Realty Co. v City of Utica,* 57 AD2d 51, affd 44 NY2d 1002). Section 9 of the Town of Guilderland Zoning Ordinance specifically establishes a zoning board of appeals which has the power and duties prescribed by section 267 of the Town Law (Local Laws, 1971, No. 1 of Town of Guilderland, § 9, subd [A]). Subdivision 2 of section 267 states that "Such board of appeals shall hear and decide appeals from and review any order, requirement, decision or determination made by an administrative official charged with the enforcement of any ordinance adopted pursuant to this article." Thus, where as here, petitioner has failed to pursue the remedy afforded under section 267 of the Town Law by way of appeal to the zoning board of appeals, he is barred from maintaining an action for declaratory relief (see *Radano v Town of Huntington,* 305 NY 911; *Dur-Bar Realty Co. v City of Utica, supra,* p 58). Judgment entered October 27, 1980, reversed, on the law, with costs, and petition dismissed. Appeal from order entered January 29, 1981, dismissed, as academic, without costs. Mahoney, P. J., Kane, Casey, Weiss and Herlihy, JJ., concur.