CHARLES SHUMAKER, JR., et al., Respondents-Appellants, v TOWN OF CORTLANDT et al., Appellants-Respondents, and JOSEPH BILOTTA, Respondent-Appellant. (Matter No. 1.) SANDPORT SUPPLY CORP. et al. Respondents-Appellants, v TOWN OF CORTLANDT, Appellants-Respondents. (Matter No. 2.)—In consolidated hybrid proceedings and actions, *inter alia,* to enjoin Joseph Bilotta and Sandport Supply Corp. from constructing an asphalt plant on certain property and to prohibit the Town of Cortlandt from issuing a certificate of zoning compliance, (1) the Town of Cortlandt parties appeal from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Donovan, J.), entered September 21, 1987, as remitted these matters to the Town Board of the Town of Cortlandt, (2) the petitioner plaintiffs in matter No. 1 cross-appeal, as limited by their notice of appeal and brief, from so much of the same order and judgment as remitted the matter to the Town Board of the Town of Cortlandt and failed to require the removal of the plant within 90 days, and (3) Joseph Bilotta and Sandport Supply Corp. cross-appeal, as limited by their brief, from so much of the same order and judgment as failed to determine that the plant was a permissible use under the amended zoning ordinance of the Town of Cortlandt, failed to remit the matter to the Zoning Board of Appeals of the Town of Cortlandt and directed that the plant be removed within 150 days in the event of an adverse determination by the Town Board of the Town of Cortlandt.

Ordered that on the court's own motion, the notice of appeal by the Town of Cortlandt parties and the notice of cross appeal by the petitioner plaintiffs in matter No. 1 are treated as applications for leave to appeal from so much of the order and judgment as remitted the matters to the Town Board of

the Town of Cortlandt, said applications are referred to Justice Mangano, and leave to appeal is granted by Justice Mangano (CPLR 5701 [b] [1]); and it is further,

Ordered that the order and judgment is modified, on the law, by deleting the second to the last decretal paragraph thereof and substituting a provision permitting Bilotta to apply to the appropriate agency for a determination as to whether the subject asphalt plant is a permissible use under Cortlandt Town Code § 88-21 (A) (4) as amended and, if not, whether the plant can be modified to conform to existing zoning regulations and directing Bilotta, in the event of an adverse determination, to remove the structure within 150 days thereof; as so modified, the order and judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that Bilotta's time to apply to the appropriate agency is extended until 30 days after service upon him of a copy of this decision and order, with notice of entry; in the event Bilotta fails to so apply within 30 days, he shall remove the structure within 150 days of the expiration of that 30-day period.

In *Shumaker v Town of Cortlandt* (124 AD2d 129, *lv denied* 70 NY2d 603) this court enjoined the defendant Bilotta from constructing or operating an asphalt plant on his property. The instant appeal concerns whether the order and judgment entered by the Supreme Court, Westchester County, complies with the terms of this court's order.

The decision to enjoin operation of the plant was based on a ruling by the Court of Appeals in *Matter of Augenblick v Town of Cortlandt* (66 NY2d 775, *rearg denied* 67 NY2d 647), which annulled a resolution by the Planning Board permitting the manufacture of asphalt on Bilotta's property. Following oral argument on the *Shumaker* appeal, the town's zoning ordinance was amended. We find that the court did not err in fashioning the order and judgment to permit Bilotta to operate the plant if he could obtain the necessary permits under the amended ordinance. However, it was improper to remit this matter to the Town Board for such a determination since the amended ordinance provides for an initial determination by the Planning Board of the Town of Cortlandt (Cortlandt Town Code § 88-21 [A] [4]; § 88-30 [B]). Furthermore, the Zoning Board of Appeals of the Town of Cortlandt, not the Town Board, is the proper body to resolve any dispute regarding interpretation of the amended zoning ordinance *(see,* Town

Law § 267). In view of the administrative remedies available, we decline to determine on the record before us whether this asphalt plant is a permissible use under the amended ordinance (see, e.g., Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52; Matter of Turner v Town of Grand Is. Bldg. Dept., 97 AD2d 980; Matter of James H. Maloy, Inc. v Town Bd., 82 AD2d 1003). The order and judgment is modified to permit Bilotta to make an application under the amended ordinance for permission to operate the plant.

The order and judgment requires Bilotta to remove the plant in the event of an adverse decision under the amended ordinance. Such a provision is consistent with our determination that Bilotta's hardship was self-imposed in that he "engaged in a reckless effort to complete the plant before the Court of Appeals decision" (Shumaker v Town of Cortlandt, supra, at 138). Furthermore, even though the town issued the necessary building permits, estoppel is not available to prevent enforcement of zoning laws (see, Matter of Parkview Assocs. v City of New York, 71 NY2d 274, rearg denied 71 NY2d 995). Nevertheless, the added hardship of removal of the plant, as opposed to an injunction prohibiting its use for asphalt manufacturing, persuades us that the parties should explore whether other uses of the structure would be permissible under the applicable zoning regulations before demolition is required. Mangano, J. P., Thompson, Brown and Sullivan, JJ., concur.