■ CUPID'S VIDEO BOUTIQUE, INC., Respondent, v DAVID ROTH et al., Individually and Constituting the Zoning Board of Appeals of the Town of Babylon, Appellants. [610 NYS2d 24] — Judgment, Supreme Court, Suffolk County (William L. Underwood, Jr., J.), entered March 2, 1992, which annulled the determination of the respondent Zoning Board of Appeals and directed same to issue any certificates or permits necessary for the petitioner to conduct its business, unanimously reversed on the law and the facts, and the determination of the respondent Zoning Board of Appeals is hereby reinstated.

In this proceeding pursuant to CPLR article 78 the petitioner sought to annul the determination of the respondent

Zoning Board of Appeals, which, *inter alia,* denied petitioner an adult use permit requested as of right, on the ground that the adult use was within a 500 foot radius of a residential area. The petitioner's main contention is that the respondent Board's measurement of the 500 foot radius from the property line of the premises rather than from the front door of the establishment, rendered the determination arbitrary and capricious.

It is clear that Town of Babylon Code § 213-378, which provides that adult uses as defined in Town Code § 213-377 shall not be located within a 500 foot radius of any area zoned for residential use, is a permissible restriction *(see, Matter of Town of Islip v Caviglia,* 73 NY2d 544). Petitioner's challenge is centered on the application of that restriction. Unlike those cases involving section 64 (7) of the Alcoholic Beverage Control Law relied on by the petitioner and the trial court *(see, e.g., Matter of Treadway-Binghamton Co. v State Liq. Auth.,* 35 AD2d 222, 224), there is no express statutory language requiring that measurements be taken " 'in a straight line from the center of the nearest entrance' " (35 AD2d, *supra,* at 224). The method of measurement therefore, is to be evaluated according to the general principles governing the interpretation of zoning ordinances by local boards.

It is well settled that the interpretation of a zoning ordinance by a local board is entitled to deference, so long as it is not irrational, unreasonable or inconsistent with the governing statute *(Appelbaum v Deutsch,* 66 NY2d 975, 977; *Matter of Chrysler Realty Corp. v Orneck,* 196 AD2d 631). The clear purpose of the ordinance at issue in this case, which was modeled after the ordinance enacted in the neighboring Town of Islip, was to eliminate the secondary effects of adult uses as well as to attempt to control the future development in business districts, and not to regulate expression *(see, Matter of Town of Islip v Caviglia, supra).* In view thereof, it cannot be said that the respondent Board's measurement of the 500 foot radius in this case was irrational, unreasonable or inconsistent with the legitimate purpose of the ordinance. The record supports the conclusion that the secondary effects which the ordinance was designed to minimize are in this particular case incident to the entire parcel.

Petitioner's argument that Town Code § 213-13, which sets out the method by which petitioner may have been granted a permissive use, is unconstitutional both on its face and as applied, is unpersuasive. We have reviewed the petitioner's

remaining arguments and find them to be meritless. Concur—Wallach, J. P., Ross, Rubin, Nardelli and Williams, JJ.