■ In the Matter of JORDAN's PARTNERS et al., Appellants, v GERARD P. GOEHRINGER et al., Respondents. [611 NYS2d 626] —In a hybrid proceeding pursuant to CPLR article 78 to review a

determination of the respondent Zoning Board of Appeals, dated October 17, 1990, which denied the petitioners' request for a use variance, and action, *inter alia,* to declare that the application of an amendment of the zoning ordinance to the petitioners' property constituted an unconstitutional taking, the petitioners appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Goodman, J.), dated June 20, 1991, as denied that branch of the petition which was to compel the respondent Building Inspector to rescind a stop-work order dated November 30, 1989.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The petitioners own a parcel of land on which they seek to build office space and retail stores. In 1986, their predecessor obtained site plan approval for such a development, and in 1988 the petitioners acquired title to the subject parcel. In 1989 the Town enacted a zoning amendment, effectively precluding retail uses on the subject premises. Subsequently, the Town Building Inspector issued the petitioners a building permit to construct the office and retail shopping center. However, the following month he issued a stop-work order prohibiting further construction. The stop-work order indicated that the original building permit had been issued in error because retail uses were no longer permitted in the subject district.

The petitioners responded by applying to the Zoning Board of Appeals (hereinafter the ZBA) for a use variance, but did not challenge the propriety of the stop-work order. After the ZBA denied the use variance, the petitioners commenced this hybrid proceeding and action seeking, in part, to compel the Building Inspector to rescind the stop-work order and reinstate the previously issued building permit. We find that the Supreme Court properly denied that branch of the petition which was to compel the Town Building Inspector to rescind the stop-work order.

At the outset, we note that in their application before the ZBA, the petitioners did not seek to have the ZBA review the propriety of the Building Inspector's issuance of the stop-work order. Rather, they simply applied for a use variance. Mindful of the fact that a Zoning Board of Appeals has the primary jurisdiction of interpreting the applicable zoning ordinance *(see, Marx v Zoning Bd. of Appeals,* 137 AD2d 333; *see,* Town Law § 267-b [1], [2], [3]), we find that the Supreme Court properly declined to interpret the zoning ordinance *de novo*

for the purpose of determining the propriety of the Building Inspector's action *(see, Engert v Phillips,* 150 AD2d 752; *Shumaker v Town of Cortlandt,* 143 AD2d 999; Town Law § 267-b).

In any event, we find that the petitioners were not entitled to the relief in question. It is well settled that mandamus to compel the performance of an official duty may only be granted where the act sought to be compelled is ministerial in nature and involves no exercise of discretion, and where the applicant has demonstrated a clear legal right thereto *(see, Matter of Savastano v Prevost,* 66 NY2d 47, 50; *Klostermann v Cuomo,* 61 NY2d 525, 539; *Matter of Hamptons Hosp. & Med. Ctr. v Moore,* 52 NY2d 88, 96). As the Supreme Court properly determined, rescinding a stop-work order was neither commanded by law nor ministerial in nature. Rather, that act was of a discretionary nature based upon the interpretation of certain provisions of the Southold Town Zoning Code *(see, e.g.,* Southold Town Zoning Code § 100-282 [B]; §§ 100-283, 100-255 [B]). Bracken, J. P., O'Brien, Santucci and Joy, JJ., concur.