■ In the Matter of WOODLAND COMMUNITY ASSOCIATION et al., Appellants, v PLANNING BOARD OF THE TOWN OF SHANDAKEN, Respondent, and GOOD WATER CORPORATION et al., Respondents. [860 NYS2d 653]—

Rose, J. Appeal from a judgment of the Supreme Court (Egan, Jr., J.), entered July 30, 2007 in Ulster County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Planning Board of the Town of Shandaken granting respondent Good Water Corporation's application for site plan approval and a special use permit.

In October 2006, after nearly five years of review, respondent Planning Board of the Town of Shandaken issued a resolution and findings approving a site plan and granting a special use permit to respondent Good Water Corporation in connection with its proposal to collect and haul away by truck 5,800 gallons of water twice per day from a spring on land owned by respondents Andrew Poncic and Daria Poncic. The land in ques-

tion is located in a very low-density residential district in the Town of Shandaken, Ulster County, and the Town's Zoning Code specifies that "Water bottling and related uses" are special permit uses in that district subject to site plan review and issuance of a permit by the Planning Board (see Town of Shandaken Zoning Code § 116-10). In this CPLR article 78 proceeding, petitioner Woodland Community Association, an unincorporated not-for-profit organization, and six of its members who own property in the vicinity of the Poncics' land sought to have the Planning Board's resolution annulled. Supreme Court dismissed the petition, prompting this appeal by petitioners.

As a threshold matter, we cannot agree with Good Water and the Poncics that petitioners failed to exhaust their administrative remedies by not taking an appeal to the Town's Zoning Board of Appeals (hereinafter ZBA) after the Town's Zoning Enforcement Officer accepted Good Water's application for a special use permit. While it is true that Town Zoning Code § 116-68 (A) (1) empowers the ZBA "[t]o hear and decide questions where it is alleged there is an error in any order, requirement, decision or determination made by the Zoning Enforcement Officer," here there was no determination by the Zoning Enforcement Officer to grant or deny Good Water's application that the ZBA could have reviewed. Rather, the Zoning Enforcement Officer merely referred the application to the Planning Board as required by Town Zoning Code § 116-38. In turn, Town Zoning Code § 116-42 directs the Planning Board to "review and act on all special permit uses." Moreover, as Supreme Court noted, the Code offers no appeal to the ZBA from the Planning Board's grant or denial of a special use permit, but instead provides for direct judicial review (see Town Zoning Code § 116-46). Thus, petitioners were not required to seek review by the ZBA before commencing this CPLR article 78 proceeding (see Matter of Jones v Planning Bd. of Town of Marlborough, 203 AD2d 626, 628 [1994]).

Next, we find merit in petitioners' argument that the Planning Board lacked jurisdiction to determine that the water collection and transport proposed by Good Water was a special permit use. The Code identifies the relevant special permit uses as "Water bottling and related uses." In its final form, however, the use proposed by Good Water involved the sale of spring water for nonpotable purposes, such as filling swimming pools, and it did not involve the bottling of water at any location. Thus, there simply was no water bottling to which any use of the Poncics' land could be related. As a result, Good Water's application presented the preliminary question of whether the

proposed use was sufficiently similar to the uses permitted by the Code. Significantly, only the ZBA is authorized to interpret the Code's provisions (*see* Town Zoning Code § 116-68 [A]), and the Code expressly provides that a special use not specifically listed shall be considered prohibited unless it is deemed a "similar use" by the ZBA (*see* Town Zoning Code § 116-10 [B]). Even though petitioners called the Planning Board's attention to these provisions and its obligation to request an interpretation of the Code from the ZBA (*see* Town Zoning Code § 116-68 [A] ▮ [a]), the Planning Board made no such request and instead determined on its own that Good Water's application was for a permitted use.

Supreme Court did not address this issue of whether the Planning Board was authorized to interpret the Code. Rather, the court justified the grant of a special permit by its own interpretation of the Code's provision regarding water bottling to include the use proposed by Good Water. However, because the Code makes clear that such an interpretation is for the ZBA to make in the first instance and the ZBA has not done so here, the court's reading of the Code's provision was premature (*see Matter of Barreca v DeSantis*, 226 AD2d 1085, 1086 [1996]). Absent a referral to the ZBA, the Planning Board's approval of Good Water's application was in excess of its authority and is of no effect (*see e.g. Matter of Eastport Alliance v Lofaro*, 13 AD3d 527, 528-529 [2004], *lv dismissed* 5 NY3d 846, 847 [2005]; *Matter of DeMarco v Village of Elbridge*, 251 AD2d 991, 992 [1998]; *Moriarty v Planning Bd. of Vil. of Sloatsburg*, 119 AD2d 188, 196-197 [1986], *lv denied* 69 NY2d 603 [1987]). For that reason, Supreme Court should have granted the petition to the extent of remitting the matter to the Planning Board with the direction that it request a decision by the ZBA as to whether Good Water's proposed use is a "similar use," and thereafter make a new ruling on Good Water's application (*see Matter of Eastport Alliance v Lofaro*, 13 AD3d at 529; *Moriarty v Planning Bd. of Vil. of Sloatsburg*, 119 AD2d at 199).

In light of the foregoing, we need not consider petitioners' remaining contentions other than their claim that the Planning Board also erred in failing to refer Good Water's application for review by the Ulster County Planning Board. Specifically, they assert that a portion of the proposed use is located within 500 feet of the boundary of a state-owned recreation area and, thus, such a referral was required by General Municipal Law § 239-m (3) (b) (ii) (*see Matter of Lamar Adv. of Penn, LLC v Village of Marathon*, 24 AD3d 1011, 1012 [2005]). However, inasmuch as the statute does not direct how measurements are to be taken

and review of the Planning Board's determination is limited to whether it is arbitrary or unlawful (*see Matter of Viscio v Town of Guilderland Planning Bd.*, 138 AD2d 795, 798 [1988]), we cannot agree that the Planning Board's measurement of the 500-foot distance from a road-side truck turnaround, which is the closest of the proposed uses, along an existing, nearly straight roadway leading directly to the recreation area entrance was in this case irrational or unreasonable (*see generally Cupid's Video Boutique v Roth*, 203 AD2d 70, 71 [1994], *lv dismissed* 83 NY2d 952 [1994]; *Hyslip v Sloan*, 124 AD2d 1060, 1061 [1986], *lv denied* 69 NY2d 611 [1987], *cert denied* 484 US 914 [1987]).

Cardona, P.J., Mercure, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted, and matter remitted to respondent Planning Board of the Town of Shandaken for further proceedings not inconsistent with this Court's decision.