Matter of Catskill Heritage Alliance, Inc. v Crossroads Ventures, LLC (2018 NY Slip Op 03579)





Matter of Catskill Heritage Alliance, Inc. v Crossroads Ventures, LLC


2018 NY Slip Op 03579


Decided on May 17, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 17, 2018

525285

[*1]In the Matter of CATSKILL HERITAGE ALLIANCE, INC., Appellant- Respondent,
v
CROSSROADS VENTURES, LLC, Respondent- Appellant, and TOWN OF SHANDAKEN ZONING BOARD OF APPEALS et al., Respondents. (Proceeding No. 1.)
 In the Matter of CATSKILL HERITAGE ALLIANCE, INC., Appellant,
v
TOWN OF SHANDAKEN ZONING BOARD OF APPEALS et al., Respondents. (Proceeding No. 2.)

Calendar Date: March 29, 2018

Before: Garry, P.J., Egan Jr., Devine, Aarons and Rumsey, JJ.


Braymer Law, PLLC, Glens Falls (Claudia K. Braymer of counsel) and Caffry & Flower, Glens Falls (John W. Caffry of counsel), for appellant-respondent, and appellant.
Whiteman Osterman & Hanna LLP, Albany (John J. Henry of counsel), for respondent-appellant.
McCabe & Mack, LLP, Poughkeepsie (Daniel C. Stafford of counsel), for respondents.


Devine, J.

MEMORANDUM AND ORDER
(1) Cross appeal from a judgment of the Supreme Court (Mott, J.), entered October 17, 2016 in Ulster County, which partially granted petitioner's application, in proceeding No. 1 pursuant to CPLR article 78, to annul a determination of respondent Town of Shandaken Planning Board issuing permits to respondent Crossroads Ventures, LLC, and (2) appeal from a judgment of said court, entered July 20, 2017 in Ulster County, which dismissed petitioner's application, in proceeding No. 2 pursuant to CPLR article 78, to review a determination of respondent Town of Shandaken Planning Board issuing a special use permit to respondent Crossroads Ventures, LLC.
Respondent Crossroads Ventures, LLC has long endeavored to build a vacation resort partially located in the Town of Shandaken, Ulster County. As zoned by chapter 116 of the Code of the Town of Shandaken (hereinafter zoning code), a vacation resort is allowed in the area with a special use permit and site plan approval from respondent Town of Shandaken Planning Board. "Vacation resort" is not defined in the zoning code and, in 2000, Crossroads requested an interpretation and definition of the term to determine what uses would be allowed as part of one. Respondent Town of Shandaken Zoning Board of Appeals (hereinafter ZBA) replied by analogizing a vacation resort to a "[h]otel or motel or lodge development" where "[a]ll uses integral to the hotel, motel or lodge development . . . [and] clearly accessory to" it, as well as other uses allowed as of right or by permission in the area, were allowed (Code of Town of Shandaken § 116-40 [O]). The project thereafter underwent a prolonged assessment under the State Environmental Quality Review Act (see ECL art 8), during which a scaled-back, but still quite substantial, plan emerged (Matter of Catskill Heritage Alliance, Inc. v New York State Dept. of Envtl. Conservation, AD3d , , 2018 NY Slip Op 02516, *2 [2018]). The project now has a variety of aspects that include two hotels, a conference center, community centers and additional lodging scattered among several duplexes and multiple-unit buildings.
In 2013, as the environmental review wended its way toward a conclusion, Crossroads applied to the Planning Board for a special use permit and site plan review. The Planning Board issued the permit and approved the site plan with conditions, prompting petitioner to commence proceeding No. 1. Following unsuccessful motions by Crossroads and the Planning Board to dismiss the petition, Supreme Court issued an October 2016 judgment finding that the Planning Board properly determined that non-habitational structures fell within the "clear definition of [permissible] accessory uses" to the resort, but improperly resolved an ambiguity in the zoning code as to whether the detached duplexes and multiple-unit buildings were permitted uses in the area. Supreme Court accordingly granted the petition in part, annulled the Planning Board's determination and remitted so that the ZBA could address the propriety of the residential structures prior to a new determination by the Planning Board.
Upon remittal, the ZBA interpreted the zoning code and made clear that the detached residential units were permitted "lodges." The Planning Board again granted Crossroads' application, issued a special use permit and approved the site plan with conditions. Petitioner then commenced proceeding No. 2 to challenge the ZBA's determination and the Planning Board's new approval which, following joinder of issue, Supreme Court dismissed in a July 2017 judgment. Petitioner and Crossroads cross-appeal from the October 2016 judgment, and petitioner appeals from the July 2017 judgment.
Crossroads first contends that Supreme Court should have granted its motion to dismiss [*2]proceeding No. 1 [FN1]. It is the ZBA, not the Planning Board, with the authority to interpret the zoning code (see Code of Town of Shandaken § 116-68 [A]; Matter of Woodland Community Assn. v Planning Bd. of Town of Shandaken, 52 AD3d 991, 993 [2008]; Matter of Swantz v Planning Bd. of Vil. of Cobleskill, 34 AD3d 1159, 1160 [2006]). When Crossroads applied to the Planning Board for a special use permit and site plan review, petitioner argued that many of the proposed structures were prohibited under the zoning code. To the extent that there were pertinent ambiguities in the zoning code, the Planning Board was obliged to request an interpretation from the ZBA before rendering its determination (see Code of Town of Shandaken § 116-68 [A] [2] [a]; Matter of Woodland Community Assn. v Planning Bd. of Town of Shandaken, 52 AD3d at 993). The petition in proceeding No. 1 alleged that some of the proposed uses were prohibited — a claim that, if the zoning code was unclear, would need to be first dealt with by the ZBA — and that the Planning Board lacked authority to approve any application containing them absent a use variance issued by the ZBA. Therefore, affording the petition a liberal construction, accepting its allegations as true and providing petitioner with every favorable inference, it stated a claim (see Nomura Home Equity Loan, Inc., Series 2006-FM2 v Nomura Credit & Capital, Inc., 30 NY3d 572, 582 [2017]).
Turning to the merits of that claim, in light of the ZBA's 2000 interpretation of the zoning code, the Planning Board rationally determined that the conference center and community centers were "integral" and "clearly accessory" to the overall project and permitted under the zoning code (Code of Town of Shandaken §§ 116-4 [B]; 116-40 [O] [4], [5]). The 2000 ZBA interpretation did not offer an opinion regarding the detached duplexes and multiple-unit buildings, a problem in that they were not accessory structures due to their status as habitations (see Code of Town of Shandaken § 116-4 [B]) and could be viewed as either permitted lodges or prohibited new multifamily dwellings under the zoning code (see Code of Town of Shandaken §§ 116-10, 116-40 [A] [1]; [O]). An interpretation of the zoning code was needed on that point and, rather than devising its own interpretation, Supreme Court properly annulled the Planning Board's determination and remitted so that the ZBA could provide one (see Town Law § 267-b; Matter of Woodland Community Assn. v Planning Bd. of Town of Shandaken, 52 AD3d at 993; Matter of Jordan's Partners v Goehringer, 204 AD2d 453, 454-455 [1994]).
Turning to proceeding No. 2, the ZBA considered, upon remittal, how to view the detached residential buildings under the zoning code. Inasmuch as the interpretation that followed was rendered upon the facts of Crossroads' proposal and was not an "issue . . . of pure legal interpretation," it "is afforded deference and will only be disturbed if irrational or unreasonable" (Matter of Lumberjack Pass Amusements, LLC v Town of Queensbury Zoning Bd. of Appeals, 145 AD3d 1144, 1145 [2016] [internal quotation marks and citation omitted]; accord Matter of Blanchfield v Town of Hoosick, 149 AD3d 1380, 1382 [2017]). The zoning code defines multiple dwellings as structures with "three or more dwelling units," but states that rooms in "[a] boardinghouse, dormitory, motel, inn . . . or other similar building" do not constitute dwelling units (Code of Town of Shandaken § 116-4 [B]). A new multiple dwelling is prohibited in the project area, but a lodge development is not. A lodge is not defined in the zoning code, but the ZBA pointed out that a lodge is commonly defined as a transient residence, such as an inn or similar building having rooms that are excluded from the zoning code's [*3]definition of a dwelling unit contained in a multiple dwelling. The permanence of the residency is key, in other words, and the ZBA therefore defined a "lodge" as including structures "containing one or more units of lodging and sleeping accommodations for transient occupancy in connection with the special permitted use of hotel or lodge development and/or vacation resort held under common ownership" so long as the users had a primary residence elsewhere. The ZBA observed that the proposed buildings were intended for transient occupancy — either as a rental or as a timeshare purchase — and explicitly concluded that they were permitted lodges as a result. The ZBA's interpretation was entirely rational and will not be disturbed. It follows that the Planning Board, with the 2000 and 2017 ZBA interpretations of the zoning code in hand, rationally determined "that the proposed project 'compli[ed] with any legislatively imposed conditions on an otherwise permitted use'" so as to warrant the issuance of a special use permit and site plan approval (Matter of Kinderhook Dev., LLC v City of Gloversville Planning Bd., 88 AD3d 1207, 1209 [2011], lv denied 18 NY3d 805 [2012], quoting Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead, 98 NY2d 190, 195 [2002]; see Matter of Frigault v Town of Richfield Planning Bd., 128 AD3d 1232, 1234 [2015], lv denied 26 NY3d 911 [2015]).
Petitioner's remaining contentions do not require extended discussion. Assuming without deciding that petitioner was persuasive in arguing that the ZBA violated the Open Meetings Law (see Public Officers Law art 7) in the leadup to issuing its 2017 interpretation, petitioner has not demonstrated "good cause warranting the exercise of our discretionary power to invalidate the ZBA's determination" (Matter of Oakwood Prop. Mgt., LLC v Town of Brunswick, 103 AD3d 1067, 1070 [2013], lv denied 21 NY3d 853 [2013]). Lastly, the chair of the ZBA was not disqualified from participating in rendering that interpretation due to the fact that he performed logging and plowing work on the project property that predated the proposed project by decades and had no connection to the project itself (see Matter of Heustis v Town of Ticonderoga Planning Bd., 11 AD3d 868, 869-870 [2004]). Petitioner's remaining contentions have been examined and found to lack merit.
Garry, P.J., Egan Jr., Aarons and Rumsey, JJ., concur.
ORDERED that the judgments are affirmed, without costs.



Footnotes

Footnote 1: Crossroads' appeal from the final judgment in proceeding No. 1 brings up for review the earlier order denying its motion to dismiss (see Matter of Saratoga Lake Protection & Improvement Dist. v Department of Pub. Works of City of Saratoga Springs, 46 AD3d 979, 981 n 1 [2007], lv denied 10 NY3d 706 [2008]).