■ In the Matter of BORIS SQUIRE et al., Appellants, v PETER M. CONWAY, as Chairperson of the Board of Zoning Appeals of the City of Albany, et al., Respondents. [681 NYS2d 623] —Spain, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered February 9, 1998 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Board of Zoning Appeals of the City of Albany denying petitioner's request for nonconforming use status.

Petitioners are the owners of Airpage, a telecommunications business, located at 310 State Street (hereinafter the property) in the City of Albany. In 1965, Airpage moved into the property which was located in a "Business 1" zoned block; it is uncontroverted that at that time, the business operated in the subbasement and basement. Under the City's Zoning Ordinance of 1968, the block was rezoned as part of an "R-3 (H) Multifamily Residential Zoning District"; it is also undisputed that the subbasement and the basement of the property possess status as a legal nonconforming use.

In October 1996, an inspection of the property was conducted

and shortly thereafter the City's Deputy Director of the Bureau of Buildings (hereinafter the Bureau) issued a violation notice and order stating that the business had expanded into the first floor without the necessary permits and approvals. Petitioners appealed to respondent Board of Zoning Appeals of the City of Albany (hereinafter BZA), contending that no expansion had occurred and that the first floor had been used as a business space by Airpage prior to 1968 and therefore should also be considered a legal nonconforming use. In December 1996, a public hearing was held and the BZA subsequently agreed with petitioners; however, due to some "confusion", the BZA held a subsequent vote and determined that petitioners did not demonstrate that the first floor of the property had been used for business purposes prior to 1968, reversed its earlier decision and denied petitioners' application.

Petitioners commenced a CPLR article 78 proceeding seeking to annul the determination of the BZA; Supreme Court set aside the BZA's decision for lack of notice to petitioners regarding the subsequent vote and remanded the case to the BZA for a rehearing. Following the rehearing the BZA again found that petitioners' use of the first floor constituted an illegal expansion of a nonconforming use. Thereafter, petitioners commenced the instant CPLR article 78 proceeding to annul the BZA's second determination. Supreme Court dismissed the petition, holding that the determination of the BZA had a rational basis and was supported by substantial evidence in the record. Petitioners appeal.

We affirm. A party who raises a claim of a nonconforming use must establish that the use was legally created (*see, Walter v Harris*, 163 AD2d 619, 621; *Province of Meribah Socy. v Village of Muttontown*, 148 AD2d 512, 514; *Incorporated Vil. of Old Westbury v Alljay Farms*, 100 AD2d 574, *mod* 64 NY2d 798). Moreover, courts may not weigh the evidence or reject the choice made by the zoning board " 'where the evidence is conflicting and room for choice exists' " (*Matter of Toys "R" Us v Silva*, 89 NY2d 411, 424). Furthermore, where the decision of the zoning board has a rational basis and is supported by substantial evidence, it must be sustained (*see, id.,* at 423; *Appelbaum v Deutsch*, 66 NY2d 975, 977); and where substantial evidence exists, the court may not substitute its judgment for that of the zoning board, "even if the court might have decided the matter differently" (*Matter of Toys "R" Us v Silva, supra,* at 423).

Here, petitioners submitted an affidavit of petitioner Boris Squire wherein he stated that he rented the property for Air-

page in 1965 and moved electronic equipment into the basement and subbasement at that time; however, within one year of moving in, there were water/dampness problems with the electronic equipment and, therefore, Airpage moved the equipment to the rear of the first floor (approximately one third of the first floor). Petitioners also submitted an affidavit and testimony of William Caldwell who stated that he worked on the initial installation of the telecommunications equipment in the basement and subbasement of the property for Airpage in 1965. He also stated that due to dampness and water problems, the equipment was moved to the rear area of the first floor in 1966. In response, letters were submitted from previous tenants of the property stating that the first floor was used specifically for residential purposes. Ronald Rouse stated that he occupied the entire first floor of the property from 1976 to 1981 and Cyra Nelson stated that she lived in the entire first floor of the property from 1974 to 1976; further, Harold Hansen stated that he lived on the second floor of the premises between 1972 and 1975 and recalled one apartment located on the first floor of the premises.

Clearly, the BZA was presented with conflicting evidence and the BZA was free to credit the statements of the former tenants, who appeared to be noninterested witnesses, over Squire, an owner of the business, and Caldwell, who admittedly has a continuing business relationship with Airpage as a consultant (*see, Matter of Toys "R" Us v Silva*, 89 NY2d 411, 424, *supra*). Upon our review of the complete record, we conclude that the BZA's decision was rational, not arbitrary and capricious, and supported by substantial evidence.

Finally, petitioners' argument that the entire first floor of the property should enjoy legal nonconforming use status because petitioners intended to eventually use it for commercial purposes has no merit. A zoning ordinance cannot prohibit an existing use for which property is being used at the time the ordinance is enacted (*see, Matter of Syracuse Aggregate Corp. v Weise*, 51 NY2d 278, 284). Although petitioners contend that Airpage had originally contemplated the commercial use of the first floor back in 1965, the BZA found that, based upon the record, petitioners did not sufficiently demonstrate that any part of the first floor was used for commercial purposes prior to the zoning change in 1968. Accordingly, we find no reason to disturb that determination.

Cardona, P. J., Peters, Carpinello and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.