## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: May 21, 2015                    518840

_____

In the Matter of CAROL A.
   FRIGAULT et al.,
                    Respondents,

          v                              MEMORANDUM AND ORDER

TOWN OF RICHFIELD PLANNING
   BOARD et al.,
                    Appellants.
_____

Calendar Date:  February 10, 2015

Before:  Lahtinen, J.P., Garry, Lynch and Devine, JJ.

_____

      Kehoe & Merzig, PC, Oneonta (David S. Merzig of counsel),
for Town of Richfield Planning Board, appellant.

      Young/Sommer, LLC, Albany (J. Michael Naughton of counsel),
for Monticello Hills Wind, LLC and others, appellants.

      Tooher & Barone, LLP, Albany (Meave M. Tooher of counsel),
for Keith C. Armstrong and others, appellants.

      Douglas H. Zamelis, Cooperstown, for respondents.

_____


Devine, J.

      Appeal from a judgment of the Supreme Court (Cerio Jr.,
J.), entered January 23, 2014 in Madison County, which granted
petitioners' application, in a proceeding pursuant to CPLR
article 78, to annul determinations of respondent Town of
Richfield Planning Board granting a request by respondent
Monticello Hills Wind, LLC for a special use permit.

As detailed in our prior decision in a related proceeding (Matter of Frigault v Town of Richfield Planning Bd., 107 AD3d 1347 [2013]), respondent Monticello Hills Wind, LLC (hereinafter the applicant) sought a special use permit in connection with the proposed construction of six wind turbines and related facilities on land in the Town of Richfield, Otsego County. In 2011, respondent Town of Richfield Planning Board (hereinafter Board) issued a negative declaration of significance under the State Environmental Quality Review Act (see ECL art 8) and granted a special use permit for the project. Supreme Court annulled both determinations in response to the CPLR article 78 proceeding and action for declaratory judgment that followed. Upon appeal, this Court reinstated the negative declaration, but upheld the annulment of the special use permit on various grounds (Matter of Frigault v Town of Richfield Planning Bd., 107 AD3d at 1352-1353). As is relevant here, this Court agreed that the Board had "failed to comply with the applicable Town of Richfield Land Use and Building Management Ordinance" (hereinafter Land Use Ordinance), which only allows the issuance of a special use permit where eight enumerated conditions are met (id. at 1353).

The Board corrected the procedural deficiencies pointed to by this Court and, in September 2013, issued a special use permit accompanied by detailed findings regarding the eight conditions set forth by the Land Use Ordinance.[1] Petitioners commenced the present CPLR article 78 proceeding and argued, among other things, that the special use permit was invalid because substantial evidence did not support the Board's findings as to the conditions. Supreme Court agreed with regard to two of the conditions, granted the petition and annulled the special use permit. This appeal by respondents ensued.

The Land Use Ordinance permits specified uses in the area where the project is to be built and allows "[a]ll other uses" for which a special use permit is obtained. Contrary to petitioners' assertion, while the project is not allowed as of right in the district, the fact that it is "permitted . . . is

---

[1] The Board had previously approved the special use permit in August 2013, but revisited the issue at the urging of counsel.

'tantamount to a legislative finding that [it] is in harmony with the general zoning plan and will not adversely affect the neighborhood'" (Matter of Twin County Recycling Corp. v Yevoli, 90 NY2d 1000, 1002 [1997], quoting Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston, 30 NY2d 238, 243 [1972]). As such, "the burden of proof on an owner seeking a special exception is lighter than that on an owner seeking a variance, [with] the former only being required to show compliance with any legislatively imposed conditions on an otherwise permitted use" (Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead, 98 NY2d 190, 195 [2002]; see Matter of Feinberg v Board of Appeals of Town of Sanford, 306 AD2d 593, 594 [2003]). The determination of the Board that those conditions had been met here will be upheld if it "has a rational basis and is supported by substantial evidence in the record" (Matter of Steenrod v City of Oneonta, 69 AD3d 1030, 1031 [2010]; see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead, 98 NY2d at 196).

The parties do not dispute upon this appeal, and we agree with Supreme Court, that the Board's findings with regard to six of the eight conditions enumerated in the Land Use Ordinance are supported by substantial evidence. The first of the remaining two conditions requires that the "[l]ocation, use and size of structure, nature and intensity of operations involved, size of site in relation to it, and location of site with respect to existing or future streets giving access, are such that it will be in harmony with orderly development of the district." The second requires that the "[l]ocation, nature and height of buildings, walls, fences and signs will not discourage the appropriate development and use of adjacent land and buildings or impair their value."

With regard to those two conditions, the wind turbines are almost 500 feet tall when the rotor blades are fully vertical.[2]

_____

[2] The Board stated that the turbines were taller than "many" structures in the Town, while Supreme Court pointed to proof in the record that their size was "unprecedented." While the Board's language was perhaps not as precise as Supreme Court

Notwithstanding their size, the Board pointed out that the turbines are located in an area where high-voltage electric transmission lines have already altered the landscape, and noted that other factors minimized the impact of the project upon the viewshed. The project will have minimal impact upon traffic after construction is completed and, given the economic benefits that will accrue to participating landowners, the Board found that it would help to preserve existing uses of the surrounding properties. Moreover, the Board cited a study in the record finding that property values would not be impacted by the project. The Board also pointed to proof that the applicant had entered into setback agreements with nonparticipating landowners who resided within 2,000 feet of the turbines, further ensuring that the project would not impair the use of nearby parcels or development in the zoning district. Supreme Court pointed to conflicting evidence submitted by petitioners with regard to both conditions but, even if that evidence was properly considered, "a court may not substitute its own judgment" where substantial evidence supports the determination of the Board (Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead, 98 NY2d at 196; accord Matter of Metro Enviro Transfer, LLC v Village of Croton-on-Hudson, 5 NY3d 236, 241 [2005]). Inasmuch as substantial evidence indeed supports the Board's findings in full, Supreme Court erred in annulling the special use permit.

Lahtinen, J.P., Garry and Lynch, JJ., concur.

---

would have liked, the fact remains that the Board recognized that the project constituted a more intense use than others in the area and assessed it in that light.

ORDERED that the judgment is reversed, on the law, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court