## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  December 1, 2016                522438
_____

In the Matter of LUMBERJACK
   PASS AMUSEMENTS, LLC,
                    Respondent,

      v                                   MEMORANDUM AND ORDER

TOWN OF QUEENSBURY ZONING
   BOARD OF APPEALS et al.,
                    Appellants.
_____

Calendar Date:  October 12, 2016

Before:  Peters, P.J., McCarthy, Lynch, Rose and Mulvey, JJ.

_____

     Meyer & Fuller, PLLC, Lake George (Jeffrey R. Meyer of
counsel), for North High Realty Holdings, Inc., appellant.

     Miller, Mannix, Schachner & Hafner, LLC, Glens Falls (Leah
Everhart of counsel), for Town of Queensbury Zoning Board of
Appeals and another, appellants.

     Bartlett, Pontiff, Stewart & Rhodes, PC, Glens Falls (John
D. Wright of counsel), for respondent.

_____

Rose, J.

     Appeal from a judgment of the Supreme Court (Krogmann, J.),
entered October 26, 2015 in Warren County, which granted
petitioner's application, in a combined proceeding pursuant to
CPLR article 78 and action for declaratory judgment, to annul a
determination of respondent Town of Queensbury Zoning Board of
Appeals finding that the use of a premises belonging to
respondent North High Realty Holdings, Inc. was permitted under
the Code of the Town of Queensbury.

In 2012, respondent North High Realty Holdings, Inc. purchased real property in the Town of Queensbury, Warren County, situated within a commercial intensive zoning district that prohibits single-family residences (see Code of the Town of Queensbury § 179-3-040 [B] [3]).  The property consists of a commercial building and a single-family dwelling that had been permitted to be used as a residence because of its status as a lawful preexisting nonconforming use (see Code of the Town of Queensbury § 179-13-010).  After purchasing the property, North High sought a variance to enable it to continue to use the single-family dwelling as a residence.  In response, respondent Town of Queensbury Zoning Administrator determined that a variance was unnecessary because North High had submitted evidence demonstrating that the single-family dwelling had been occupied as a residence without an interruption of more than 18 consecutive months and, thus, the preexisting nonconforming use had not been discontinued.

Petitioner, the owner of commercial property located adjacent to the subject property, appealed the Zoning Administrator's determination, contending that the preexisting nonconforming use should be deemed abandoned because the evidence submitted to the Zoning Administrator showed that the dwelling's use as a residence had been discontinued for more than 18 months (see Code of the Town of Queensbury § 179-13-020).  Following public hearings, respondent Town of Queensbury Zoning Board of Appeals (hereinafter the ZBA) ultimately upheld the Zoning Administrator's determination.  Petitioner then commenced this combined CPLR article 78 proceeding and action for declaratory judgment seeking, among other things, to annul the ZBA's determination.  Supreme Court, finding that the ZBA had applied the wrong legal standard, granted the petition/complaint and declared that the preexisting nonconforming use was discontinued. This appeal by respondents ensued.

We agree with respondents that Supreme Court erred in finding that the ZBA applied the incorrect standard and in substituting its judgment for that of the ZBA.  It is well settled that unless the issue presented is one of pure legal interpretation, "[a] zoning board's interpretation of a local zoning ordinance is afforded deference and will only be disturbed

if irrational or unreasonable" (Matter of Lavender v Zoning Bd. of Appeals of the Town of Bolton, 141 AD3d 970, 972 [2016], appeal dismissed ___ NY3d ___ [Nov. 17, 2016]; see Matter of Fruchter v Zoning Bd. of Appeals of the Town of Hurley, 133 AD3d 1174, 1175 [2015]; Matter of Avramis v Sarachan, 97 AD3d 874, 876 [2012], lvs denied 20 NY3d 852 [2012]).  Here, the issue of whether the preexisting nonconforming use was discontinued is largely a fact-based inquiry, rather than a purely legal interpretation of the zoning law.  As such, the ZBA's determination is entitled to deference (compare Matter of Town of Johnsburg v Town of Johnsburg Zoning Bd. of Appeals, 299 AD2d 796, 800-801 [2002], with Matter of Winterton Props., LLC v Town of Mamakating Zoning Bd. of Appeals, 132 AD3d 1141, 1142 [2015], and Matter of Boni Enters., LLC v Zoning Bd. of Appeals of the Town of Clifton Park, 124 AD3d 1052, 1053 [2015]).

Turning to the Town Code, "abandonment" is defined in pertinent part as "[a]n intent to abandon or to relinquish and some overt act, or some failure to act, which carries the implication that the owner neither claims nor retains any interest in the building or use that is the subject matter of the abandonment.  A nonconforming use that is abandoned for more than 18 months shall be required to conform to the requirements of this chapter" (Code of the Town of Queensbury § 179-2-010 [C]).  In addition to this general definition, the Town Code specifically provides that, "[i]f a nonconforming use is discontinued for a period of 18 consecutive months, such use shall be deemed to be abandoned" (Code of the Town of Queensbury § 179-13-020).

It is undisputed that the issue before the ZBA was the application of the discontinuance provision, and our review of the record confirms that the ZBA recognized that this was the issue before it.  Although the ZBA also addressed whether there was an abandonment as that term is defined in the Town Code, the record shows that this occurred only after the ZBA fully considered the facts in light of the discontinuance provision.  In this regard, the Zoning Administrator correctly explained to the ZBA that anything less than a complete cessation of use would not constitute a discontinuance (see Matter of Town of Johnsburg v Town of Johnsburg Zoning Bd. of Appeals, 299 AD2d at 799-800).

In addition, we reject petitioner's assertion that the Town Code requires proof that the dwelling was occupied continuously and without any interruption for 18 months.  Instead, the language of the Town Code unambiguously sets forth that it is the cessation of the preexisting nonconforming use — not the use itself — that must occur continuously and without interruption for 18 months. Further, we note that the ZBA's reading of this language is consistent with the well-settled principle that an individual can have more than one residence (see generally Yaniveth R. v LTD Realty Co., 27 NY3d 186, 193 [2016]; Osterweil v Bartlett, 21 NY3d 580, 583 [2013]; People v O'Hara, 96 NY2d 378, 384-385 [2001]).

Based upon our review of the record, we cannot say that the ZBA's determination was irrational or unreasonable.  In reaching this conclusion, we note that "courts will not weigh the evidence or reject the choice made by the [ZBA] where the evidence is [merely] conflicting and room for choice exists" (Matter of Sullivan v City of Albany Bd. of Zoning Appeals, 20 AD3d 665, 666 [2005] [internal quotation marks and citations omitted], lv denied 6 NY3d 701 [2005]; see Matter of Squire v Conway, 256 AD2d 771, 772 [1998]).  Here, conflicting evidence was put forth at public hearings as to whether the preexisting nonconforming use had been discontinued and, thus, abandoned.  Significantly, evidence was presented indicating that the owner's son stayed at the dwelling with the apparent intent to retain it as a residence with at least some degree of permanency, thus evidencing that a complete cessation of the use had not occurred.  Thus, in light of the room for choice that exists based upon the conflicting proof, we discern no basis to disturb the ZBA's determination (see Matter of Bounds v Village of Clifton Springs Zoning Bd. of Appeals, 137 AD3d 1759, 1760-1761 [2016]).

Peters, P.J., McCarthy, Lynch and Mulvey, JJ., concur.

ORDERED that the judgment is reversed, on the law, without costs, petition dismissed, and it is declared that the preexisting nonconforming use was not discontinued.

ENTER:

Robert D. Mayberger
Clerk of the Court