■ In the Matter of KAREN M. BLANCHFIELD, Doing Business as ROYLE BLANCHE FARMS, Appellant, v TOWN OF HOOSICK et al., Respondents. [53 NYS3d 226]—

Mulvey, J. Appeal from a judgment of the Supreme Court (Melkonian, J.), entered May 27, 2016 in Rensselaer County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Town of Hoosick Zoning Board of Appeals denying petitioner's request for, among other things, a special use permit.

Petitioner is the owner of property in the Town of Hoosick, Rensselaer County on which she operates a dog training and handling business. In April 2015, following a noise complaint from a neighbor, the Code Enforcement Officer of respondent Town of Hoosick determined that petitioner's use of her property was in violation of the Town's Land Use Law and that a special use permit and site plan approval were required. Petitioner was similarly advised by the Town's Zoning Board of

Appeals (hereinafter the ZBA). Petitioner submitted an application for a special use permit and for site plan approval and, after meeting with the ZBA over several months, the ZBA determined petitioner's applications complete and public hearings were held. Citing the current and foreseeable impact of dog noise on the neighbors, the ZBA denied petitioner's applications. Petitioner then commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, and petitioner appeals.

Initially, we note that when petitioner appeared before the ZBA, she did not raise her contention that the ZBA violated its own rules when it failed to refer her applications to the Town's Planning Board for a recommendation (*see* Land Use Law of Town of Hoosick § 7.6.1). Accordingly, that issue may not now be raised in this proceeding (*see Matter of Mary T. Probst Family Trust v Zoning Bd. of Appeals of Town of Horicon*, 79 AD3d 1427, 1427-1428 [2010], *lv denied* 16 NY3d 708 [2011]; *Matter of Showers v Town of Poestenkill Zoning Bd. of Appeals*, 56 AD3d 1108, 1109 [2008]).

Petitioner claims that Supreme Court erred when it determined that she was required to obtain both a special use permit and site plan approval. First, she bases her claim that no special use permit is required on the theory that her business consists of the operation of a boarding kennel and breeding kennel, which uses are permitted by right.[1] Petitioner's property is located in a district designated "Agricultural/ Residential" (*see* Land Use Law of Town of Hoosick §§ 2.1.4, 3.2) in which boarding kennels and breeding kennels are permitted uses with site plan approval (*see* Land Use Law of Town of Hoosick § 3.2). In the Land Use Law, a breeding kennel is defined as "a facility where dogs are bred for sale, with more than nine dogs sold in one year" (Land Use Law of Town of Hoosick ch 13). A boarding kennel is defined as "a facility that accepts transient dogs and cats for short duration stays" (Land Use Law of Town of Hoosick ch 13). Petitioner's application for a special use permit described the existing and proposed use as "agriculture, training + show dog handling

---

1. The petition also refers to petitioner's business as "animal husbandry," a use permitted as of right. The Land Use Law defines the term animal husbandry as "the raising of animals and birds for food, wool, breeding, preservation or pleasure" (Land Use Law of Town of Hoosick ch 13). Supreme Court rejected this claim and petitioner has not addressed it in her brief. Thus, we treat this argument as abandoned (*see Matter of Albany Academies v New York State Pub. High Sch. Athletic Assn.*, 145 AD3d 1258, 1260-1261 [2016]; *Matter of Salvador v State of New York*, 205 AD2d 194, 198 n [1994], *appeal dismissed* 85 NY2d 857 [1995], *lv denied* 85 NY2d 810 [1995]).

school + referral service." Her application for site plan approval similarly described the intended use as "training + handling center for show dogs," as did the short environmental assessment form that she submitted. Since petitioner's use of the property, as described by her, does not fit within the definitions of boarding kennel or breeding kennel, the ZBA properly determined that she was required to obtain a special use permit (*see* Land Use Law of Town of Hoosick § 3.1).[2] "It is well settled that unless the issue presented is one of pure legal interpretation, a zoning board's interpretation of a local zoning ordinance is afforded deference and will only be disturbed if irrational or unreasonable" (*Matter of Lumberjack Pass Amusements, LLC v Town of Queensbury Zoning Bd. of Appeals*, 145 AD3d 1144, 1145 [2016] [internal quotation marks, brackets and citations omitted]).

Next, petitioner asserts that site plan review is not required since the business use of the property began in 2006, well before the 2009 enactment of the Land Use Law and the enactment of the 2014 version of a site plan review local law. We find petitioner's argument that she is allowed to continue her business as a lawful nonconforming use without site plan approval to be without merit (*see* Land Use Law of Town of Hoosick § 5.1). In 2001, the Town enacted a local law which provided, as is relevant here, that all changes in use required site plan approval by the Planning Board (*see* Site Plan Review Law of Town of Hoosick, part II, § 2 [C]). When petitioner began her business in 2006, this constituted a change in use of her residential property and, accordingly, site plan approval was required at that time. To have a protected interest at the time of enactment of the Land Use Law in 2009, petitioner had to have received site plan approval pursuant to the 2001 Site Plan Review Law. Since petitioner never applied for or received site plan approval for her business use, such use was not a lawful nonconforming use at the time of the enactment of the Land Use Law in 2009 (*see Glacial Aggregates LLC v Town of Yorkshire*, 14 NY3d 127, 136 [2010]; *Matter of Martinos v Board of Zoning Appeals of Town of Brookhaven*, 138 AD3d 859, 860 [2016]). Further, petitioner's proposal, as reflected in her applications and the petition, is to enlarge and expand such use by employing trainers, handlers and groomers and by increas-

---

2. We note that the effect of this provision is apparently to allow by special use permit any use not listed in the district schedule of use regulations (*see* Land Use Law of Town of Hoosick § 3.2), and that this was the course charted by the Code Enforcement Officer and the ZBA, rather than a use variance (*see* Land Use Law § 12.4.4 *et seq.*).

ing the number of dogs on the premises. This modification and expansion of the use triggers the need for site plan approval (*see* Site Plan Review Law of Town of Hoosick § 3.010 [2014]). We find that Supreme Court did not err when it determined that petitioner needed site plan approval since this determination "is largely a fact-based inquiry, rather than a purely legal interpretation of the zoning law" (*Matter of Lumberjack Pass Amusements, LLC v Town of Queensbury Zoning Bd. of Appeals*, 145 AD3d at 1145). However, we disagree with the ZBA's denial of the special use permit and site plan approval.

When a zoning law enumerates a use as allowed by special use permit, it " 'is tantamount to a legislative finding that the permitted use is in harmony with the general zoning plan and will not adversely affect the neighborhood' " (*Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d 190, 195 [2002], quoting *Matter of North Shore Steak House v Board of Appeals of Inc. Vil. of Thomaston*, 30 NY2d 238, 243 [1972]; *accord Matter of Frigault v Town of Richfield Planning Bd.*, 128 AD3d 1232, 1233 [2015], *lv denied* 26 NY3d 911 [2015]). An applicant is required to demonstrate "compliance with the conditions legislatively imposed upon the permitted use" (*Matter of PDH Props. v Planning Bd. of Town of Milton*, 298 AD2d 684, 685 [2002]), and a special use permit may be denied only if substantial evidence in the record corroborates such decision and it is not based on generalized community objections (*see Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead*, 98 NY2d at 196).

Land Use Law of Town of Hoosick § 3.1 provides that "[a]ny use not listed in the schedule may be allowed by [s]pecial [p]ermit pursuant to [c]hapter 7, only if it can meet all applicable standards." Chapter 7 delegates to the ZBA the authority "to review and act upon all special permit uses in accordance with standards and procedures set forth in . . . [c]hapter [7]" (Land Use Law of Town of Hoosick § 7.1). Upon determining that an application is complete, the ZBA "shall review the application, taking into consideration the standards for [s]pecial [p]ermit review outlined in [s]ection 7.2 . . . , and any other special requirements for a particular use contained in this [l]ocal [l]aw" (Land Use Law of Town of Hoosick § 7.4.3).[3] In compliance with the general standards set forth in Land Use Law of Town of Hoosick § 6.1, the ZBA is to prescribe "such ap-

---

3. The reference to section 7.2 of the Land Use Law relates to coordination of environmental impact review by the Planning Board and the ZBA and contains no standards. Instead, sections 7.3 through 7.3.10 set forth the guidelines for the ZBA to consider.

propriate conditions and safeguards as may be required to," among other things, ensure that "[t]he proposed use will be compatible with the surrounding neighborhood and in harmony with the Comprehensive Plan for the Town of Hoosick" (Land Use Law of Town of Hoosick §§ 7.3, 7.3.1).

The record shows that the ZBA advised petitioner that the noise from her property should not exceed 80 decibels.[4] At the public hearing, petitioner explained that she was certified as a nurse to take sound readings and had done so at the property line over a period of approximately one month at different intervals of the day. She claimed that the noise from her property had not exceeded 70 decibels.[5] She also offered at least two proposals to address the concerns of the neighbors regarding any noise issue. She proposed a six-foot-high stockade fence and moving the outside pens so that they would be blocked by a building. The nearest neighbor, located across the road from petitioner's property, played a recording at the public hearing that he claimed was a recording that he made of noise emanating from petitioner's property. He also claimed that the noise was cited by a prospective purchaser of his property.[6] Another neighbor, who has a horse training and boarding business approximately 500 feet from petitioner's property, claimed that some of her customers expressed concerns about the noise from petitioner's property, and she allegedly provided copies of emails from those customers.[7]

In its determination, the ZBA did not identify any specific shortcomings in petitioner's mitigation measures, but summarily determined that petitioner had not offered measures that would sufficiently mitigate the dog noise impact from her business. We view this determination of the ZBA to be without sufficient support in the record. Petitioner offered scientific measurement of the noise level and there was no other objective measure of the noise offered at the public hearing. The neighbor's recording of the noise is subject to an unreliable interpretation of its level based upon the ability to control the volume of the recording, and reliance on the recording would

---

4. Land Use Law of Town of Hoosick § 6.1.1 provides, as a general standard, that there may be "[n]o continuous hum, or noise with any noticeable shrillness of a volume of more than 80 decibels, measured at lot lines."

5. Although the minutes of the public hearing do not reflect this presentation by petitioner, both petitioner's and respondents' briefs make reference to this presentation.

6. The neighbor allegedly submitted a letter from a realtor regarding the effect of the noise on the sale of his property, but it is not included in the record.

7. No such documentation is included in the record.

be unreasonable. Absent reliable proof that rebuts petitioner's offer of her measurement of the sound level and her offer of measures to address any noise concerns, there is no basis in the record to determine that petitioner did not meet the conditions imposed by the Land Use Law, and it appears that the ZBA bowed to generalized objections from two neighbors (see *Matter of Kinderhook Dev., LLC v City of Gloversville Planning Bd.*, 88 AD3d 1207, 1209 [2011], *lv denied* 18 NY3d 805 [2012]). As such, the ZBA's determination is annulled.

Garry, J.P., Lynch, Clark and Aarons, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted, determination annulled and matter remitted to the Zoning Board of Appeals of the Town of Hoosick to grant a special use permit and site plan approval to petitioner upon consideration of appropriate conditions and safeguards consistent with the requirements of the local laws of respondent Town of Hoosick.