Matter of Barnes Rd. Area Neighborhood Assn. v Planning Bd. of the Town of Sand Lake (2022 NY Slip Op 04205)

Matter of Barnes Rd. Area Neighborhood Assn. v Planning Bd. of the Town of Sand Lake

2022 NY Slip Op 04205

Decided on June 30, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 30, 2022

533244
[*1]In the Matter of Barnes Road Area Neighborhood Association et al., Respondents,
v
Planning Board of the Town of Sand Lake et al., Appellants.

Calendar Date:May 31, 2022

Before:Garry, P.J., Egan Jr., Clark, Aarons and McShan, JJ.

Ely Law, PLLC, West Sand Lake (Scott J. Ely of counsel), for Planning Board of the Town of Sand Lake, appellant.
Gilchrist Tingley, PC, Troy (Andrew W. Gilchrist of counsel), for Kenneth Bailey, appellant.
Law Office of Philip H. Dixon, Albany (Philip H. Dixon of counsel), for respondents.

Aarons, J.
Appeal from a judgment of the Supreme Court (Zwack, J.), entered April 1, 2021 in Rensselaer County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to annul determinations of respondent Planning Board of the Town of Sand Lake approving respondent Kenneth Bailey's request for a special use permit and site plan approval.
Respondent Kenneth Bailey applied for a special use permit and site plan approval so that he could construct a barn on his property that would operate as a seasonal party venue. Following hearings, respondent Planning Board of the Town of Sand Lake (hereinafter the Board) issued resolutions adopting a negative declaration under the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]) and granting Bailey's application with conditions. Petitioners — a neighborhood association and individual members thereof — commenced this proceeding seeking to annul the Board's resolutions. In an April 2021 judgment, Supreme Court granted the petition. This appeal ensued.
As an initial matter, Bailey asserts that the petition should have been dismissed due to lack of standing.[FN1] An individual challenging an administrative determination in a land-use matter must show that he or she "would suffer direct harm, injury that is in some way different from that of the public at large" (Matter of Ziemba v City of Troy, 37 AD3d 68, 71 [2006] [internal quotation marks and citations omitted], lv denied 8 NY3d 806 [2007]; see Matter of Basha Kill Area Assn. v Planning Bd. of Town of Mamakating, 46 AD3d 1309, 1310-1311 [2007], lv denied 10 NY3d 712 [2008]). Such harm or injury may be presumed by a showing of close proximity to the property at issue (see Matter of Center Sq. Assn., Inc. v City of Albany Bd. of Zoning Appeals, 9 AD3d 651, 652 [2004]). The individual petitioners established that they lived adjacent or close to the subject property and would be impacted by the increased noise, lights and traffic associated with the proposed party venue. Accordingly, the individual petitioners have standing (see Matter of Basha Kill Area Assn. v Planning Bd. of Town of Mamakating, 46 AD3d at 1311; Matter of Defreestville Area Neighborhood Assn., Inc. v Planning Bd. of Town of N. Greenbush, 16 AD3d 715, 718 [2005]; Matter of Massiello v Town Bd. of Town of Lake George, 257 AD2d 962, 963-964 [1999]; Matter of Friends of Woodstock v Town of Woodstock Planning Bd., 152 AD2d 876, 878 [1989]).[FN2]
Turning first to the negative SEQRA declaration, "it is not the role of the courts to weigh the desirability of any action or choose among alternatives, but to assure that the agency itself has satisfied SEQRA, procedurally and substantively" (Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 416 [1986]). The Board identified and analyzed various areas of concern, including traffic and noise. The engineering report submitted by Bailey's expert noted that the pertinent road could handle the additional [*2]capacity of 70 vehicles during a Saturday afternoon or evening and that an existing intersection would not limit arriving or departing traffic. This report also noted that the proposed parking could accommodate 70 vehicles and that there would be no impediment for emergency-vehicle access. As to noise, the report concluded that the anticipated sound from the party venue would not impact nearby residents and noted that the proposed orientation of the barn and the barn's limited openings would help enclose the source of noise. In issuing a negative declaration, the Board considered the comments opposing Bailey's application. The Board, however, ultimately credited the engineering report and noted that no conflicting proof was offered.[FN3] Given that the Board took the requisite hard look at the identified areas of concern and provided a reasoned elaboration for its negative SEQRA declaration, the Board satisfied its SEQRA obligations (see Matter of Brunner v Town of Schodack Planning Bd., 178 AD3d 1181, 1184 [2019]; Matter of Mirabile v City of Saratoga Springs, 67 AD3d 1178, 1181 [2009]; Matter of O'Donnell v Town of Schoharie, 291 AD2d 739, 741 [2002]).
Regarding the merits of the Board's determination to grant the application for a special use permit and site plan approval, "[w]hen a zoning law enumerates a use as allowed by special use permit, it is tantamount to a legislative finding that the permitted use is in harmony with the general zoning plan and will not adversely affect the neighborhood" (Matter of Blanchfield v Town of Hoosick, 149 AD3d 1380, 1383 [2017] [internal quotation marks and citations omitted]; see Matter of Biggs v Eden Renewables LLC, 188 AD3d 1544, 1546 [2020]). The applicant for a special use permit is "required to show compliance with any legislatively imposed conditions on an otherwise permitted use" (Matter of Frigault v Town of Richfield Planning Bd., 128 AD3d 1232, 1234 [2015] [internal quotation marks and citation omitted], lv denied 26 NY3d 911 [2015]). The Board's determination to grant the special use permit will not be disturbed so long as it "was [not] made in violation of lawful procedure, was [not] affected by an error of law or was [not] arbitrary and capricious or an abuse of discretion" (CPLR 7803 [3]; see Matter of Micklas v Town of Halfmoon Planning Bd., 170 AD3d 1483, 1487 [2019]).[FN4]
The Board's resolutions reflect that it considered the relevant criteria as set forth in Town of Sand Lake Zoning Code § 250-80. The Board noted the various uses permitted as of right by the zoning code and found that these uses "may be more intense and affecting" than Bailey's proposed party venue. The Board relied on the engineering report in concluding that there would be no significant impact to traffic or noise. The record also discloses that the Board entertained comments derived from multiple public hearings. In view of the foregoing, and taking into account that "[a] municipality 'retains some discretion to [*3]evaluate each application for a special use permit, to determine whether applicable criteria have been met and to make commonsense judgments in deciding whether a particular application should be granted'" (Matter of Biggs v Eden Renewables LLC, 188 AD3d at 1546, quoting Matter of Twin County Recycling Corp. v Yevoli, 90 NY2d 1000, 1002 [1997]), the Board's determination was not arbitrary and capricious and should not have been annulled (see Matter of Hart v Town of Guilderland, 196 AD3d 900, 913 [2021]; Matter of Citizens Accord v Town Bd. of Town of Rochester, 192 AD2d 985, 988-989 [1993], lv denied 82 NY2d 656 [1993]).
Garry, P.J., Egan Jr., Clark and McShan, JJ., concur.
ORDERED that the judgment is reversed, on the law, without costs, and petition dismissed.

Footnotes

Footnote 1: Bailey, in his answer, raised lack of standing as an affirmative defense and relied on it in his supporting memorandum of law as a basis for dismissal of the petition. Although Supreme Court's judgment did not discuss the issue of standing, the failure to do so amounts to a denial thereof (see Dickson v Slezak, 73 AD3d 1249, 1251 [2010]).

Footnote 2: Even if Bailey was correct that petitioner Barnes Road Area Neighborhood Association lacked organizational standing to commence this proceeding, the merits of the petition would still be before us given that the individual petitioners have standing.

Footnote 3: By concluding that the engineering report was misleading, Supreme Court invaded the province of the Board and improperly evaluated expert evidence (see Matter of Albany-Greene Sanitation v Town of New Baltimore Zoning Bd. of Appeals, 263 AD2d 644, 646 [1999], lv denied 94 NY2d 752 [1999]).

Footnote 4: A review of the April 2021 judgment reveals that part of Supreme Court's analysis involved using a substantial evidence standard. Given that the determination at issue did not stem from a quasi-judicial evidentiary hearing where sworn testimony was received, utilization of the substantial evidence standard was improper (see Matter of Francello v Mendoza, 165 AD3d 1555, 1556-1557 [2018]).